**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANTO SENTOSO; ELLYNA TJONDROWALUJO, | No. 08-73641 |
| Petitioners, | Agency Nos. A096-362-853 A072-865-160 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

Manto Sentoso and Ellyna Tjondrowalujo, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying their applications

for asylum, withholding of removal, and relief under the Convention Against

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). "Whether the IJ complied with the BIA's four procedural requirements for a frivolousness finding is a question of law we review de novo." *Liu v. Holder*, 640 F.3d 918, 928 (9th Cir. 2011). We deny the petition for review.

The agency's conclusion that petitioners knowingly filed frivolous asylum applications is supported by a preponderance of the evidence in light of petitioners' admission that Sentoso filed an asylum application containing false statements in 2003 and petitioners failed to correct the misstatements during their interview before the Asylum Officer. *See Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008). Accordingly, petitioners' asylum claims fail.

Even if petitioners testified credibly, substantial evidence supports the agency's finding that the beating and robberies Sentoso suffered, and the sexual harassment and robbery of Tjondrowalujo, do not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). In addition, the record does not compel the conclusion that petitioners have a clear probability of future persecution, even under a disfavored group analysis, because they have not demonstrated they would be singled out for harm. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). The record also does not compel the conclusion that

there is a pattern or practice of persecution of Chinese Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, petitioners' withholding of removal claim fails.

Finally, petitioners do not challenge the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**